IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cr-00058-WJM-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1. RICHARD GRANT**
2. NOVON GREENWOOD

      Defendants.

---

## MR. GRANT'S MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR HEARING

---

Mr. Grant, through undersigned counsel, moves to suppress evidence obtained in violation of his Fourth Amendment rights.  ATF Agent Pound requested and obtained three warrants in this case: (1) a cellphone warrant; (2) a Facebook warrant; and (3) a warrant for the search of his residence.  For the reasons stated below, Mr. Grant respectfully requests a hearing and moves for the suppression of illegally obtained evidence.

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.  U.S. Const. amend. IV.  The Fourth Amendment requires "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  *Id.*  The Framers intended to prohibit "wide-ranging exploratory

searches" by the requirements of probable cause to search for specific areas and things and that searches be carefully tailored to its justifications. *Maryland v. Garrison,* 480 U.S. 79 (1987).  The particularity requirement "prevents general searches and strictly limits the discretion of the officer executing the warrant." *Cassady v. Goering,* 567 F.3d 628, 634 (10th Cir 2009). "It is not enough that the warrant makes reference to a particular offense; the warrant must ensure that the search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Cassady v. Goering,* 567 F.3d 635.

The Tenth Circuit has recognized that computer searches are "especially vulnerable to a worrisome exploratory rummaging by the government."  *United States v. Russian,* 848 F.3d 1239, 1245 (10th Cir. 2017).  A search warrant for information on a computer must have some limiting principle. *Id.*

The facts in this case are very simple: Mr. Grant is accused of possessing ammunition on September 29, 2019, knowing he had been previously convicted of a felony in violation of 18 U.S.C. 922(g)(1).  In sum, the government alleges Mr. Grant went to a shooting range and while at the range, possessed ammunition.

Since June 16, 2017, Mr. Grant has been on supervised release. (11-cr-127-DME).  During that time, until the execution of the search warrant in this case, Mr. Grant's supervised release had not been revoked, he was working full-time at Pepsi as a driver and he lived with his common-law wife and mother of one of his children. Mr. Grant shared custody of his other children and was seeking to obtain full custody of those children.

According to discovery produced, ATF Agent Matthew Pound began investigating Mr. Grant and Mr. Greenwood on September 30, 2019, after seeing a Facebook post made by Mr. Greenwood, tagging Mr. Grant (hereinafter referred to as "the facebook post") the day before – September 29, 2019.  The facebook post led Agent Pound to investigate the two men for being felons, going to a shooting range and thereby possessing ammunition and firearms. Agent Pound visited the shooting range the day after the alleged offense and arrest warrants could have issued that day.  A violation of Mr. Grant's terms of supervised release could have issued that day.  However, under the auspices of the investigation in the present case, Agent Pound conducted an "exploratory rummaging" to assist in his investigations of others, in violation of Mr. Grant's constitutional rights.

Two weeks after the Facebook post and visit to the shooting range, Agent Pound requested a search warrant for Mr. Grant and Mr. Greenwood's cellphones.  While Agent Pound had already obtained alleged sign-in sheets and facebook posts to establish the men were at the shooting range, he sought cellphone records in order to "show Grant and Greenwood to be present at the Silver Bullet Shooting Range on September 29, 2019, where the crime of Felon in Possession of a Firearm and Ammunition was committed by both."  10/11/19 Application for Search Warrant, T-Mobile, incorporating by reference attached Affidavit, Exhibit A.

Mr. Grant concedes there is probable cause to obtain location records from his cellphone in order to attempt to establish he may have been in the geographic space near to the shooting range on September 29, 2019.  However, Agent Pound requested

much more. In the Affidavit in Support of the Warrant, Agent Pound included: (emphasis added).

- "The information obtained from this cellphone **can be** of significant assistance to the investigation and evidence in a **subsequent criminal prosecution** by showing communication records/patterns between any **possible suspect and co-conspirator**." (Par. 17).
- [Y]our affiant knows that acquiring an extended period of call detail records can assist in establishing a **pattern of life** . . . These changes in the pattern of life can also assist investigators in identifying any co-conspirator(s) who may have provided aid or counsel during the relevant time period. . .(Par. 18).
- The requested call detail records are evidence that will serve to **potentially identify investigative leads and avenues forward**, **prove or disprove known and future investigative conclusions** . . . your affiant knows gang members will continue to possess firearms and ammunition regardless of [] whether they are prohibited or not. (par. 21).
- Your affiant believes that by obtaining records for the date range requested, August 1, 2019 through October 1, 2019 . . . in all likelihood will show [them] going to other shooting ranges. (p.22).

There is not probable cause in this wide-ranging, exploratory search seeking information for an unnamed 'subsequent criminal prosecution' involving Mr. Grant and an unnamed 'possible suspect' in an unnamed alleged crime.  Mr. Grant's alleged 'pattern of life' that can be established through rummaging through the contents of his cellphone is not particularity tied to the September 29, 2019 offense of possessing a weapon or ammunition.  Agent Pound specifically explains in his Affidavit that he is 'looking for potential investigative leads or avenues forward to prove or disprove known and future investigative conclusions.'  The warrant for cell phone records from August 1, 2019 through October 1, 2019 fails because it is a general search and not confined in scope or evidence to a specific crime.  Therefore, Mr. Grant requests all evidence as fruits of the unconstitutionally obtained cellphone warrant be suppressed.

Several weeks after the cellphone warrant, Agent Pound continued to seek general 'investigative leads and avenues forward,' but this time through Facebook. Agent Pound, under oath, stated that all of the below "constitute[d] evidence of violations of 18 U.S.C. Section 922(g)(1):"

> [A]ll activity logs for the account and all other documents showing the user's posts and other facebook activities, all photos and videos uploaded by that user ID, profile information, news feed information, status updates, links to videos, photographs, articles and other items; notes, wall postings, friend lists, including friends' facebook user identification numbers, groups and networks of which the user is a member, future and past event postings, rejected friend requests, comments, gifts, pokes, tags, information about the user's access and use of FB applications.  All private messages, chat history, video calling history and pending friend requests, all check-ins and other location information, all IP logs, all records of the usage of "like" feature, including all facebook posts and non-facebook webpages, all information about the facebook pages that the account is or was a fan of, all past and present lists of friends created by the account, all records of facebook searches performed by the account, all information about the user's access and use of FB marketplace, all records showing which Facebook users have been blocked by the account . . .[1]   Exhibit B.  10/21/19 Application for Search Warrant, Facebook, incorporating by reference attached Affidavit, Exhibit A.

ATF Pound requests every piece of information regarding Mr. Grant's use of Facebook and much of the use of his friends and even rejected-friends since the beginning of time, for a purported investigation involving possession of a firearm and ammunition on September 29, 2019.  The request significantly lacks particularity in the place to be searched or thing to be seized and is another wide-ranging exploratory search.

---

[1] This contains a sample of what was requested.  There were additional requests but the most relevant portions are included here.

In *United States v. Blake,* the Eleventh Circuit analyzed a similar warrant and compared it to the "internet-era version of a 'general warrant.'"  While the case was affirmed on other grounds, the Court found the government's Facebook search to be overbroad because "it required disclosure to the government of virtually every kind of data that could be found in a social media account." *United States v. Blake,* 868 F.3d 960 (11th Cir. 2017).

This overbroad warrant yielded an alleged communication on August 4, 2019[2] between Mr. Grant and another person where the two people allegedly discussed "tools" which Agent Pound later interprets to mean weapons and he uses this evidence as a basis for probable cause in the subsequent warrant to search Mr. Grant's residence.  This August 4, 2019 communication was fifty-five days *before* the alleged offense of possession of a weapon/ammunition at the shooting range.  Mr. Grant seeks to suppress and exclude all records obtained from facebook because the affidavit did not comport with the constricts of the Fourth Amendment.

Finally, on December 11, 2019, Agent Pound sought another sweeping, generalized warrant – this time to search Mr. Grant's residence.  At this point, Agent Pound stated he had probable cause to believe Mr. Grant was trafficking in firearms and that allegation was based on, according to Agent Pound:

---

[2] Undersigned counsel has not received all of the facebook records in discovery, however has requested the same from the government.  This alleged facebook message, however, is referenced in the subsequent Affidavit in Support of Search of Mr. Grant's Residence.

- The September 29, 2019 alleged visit to the shooting range ("Your Affiant [] believes Grant knowingly possessed a firearm and ammunition on September 29, 2019 when [][he] went to the shooting range");

- The August facebook message with respect to "tools" which was obtained from the overbroad, exploratory, general facebook warrant and therefore should not be used as a basis for this warrant. ("Your Affiant believes that data received from Facebook shows Grant to be involved in the trafficking of firearms"); and

- On December 9, Mr. Grant's federal probation officer allegedly told Agent Pound she found an empty Glock pistol box in Mr. Grant's residence.  (It is counsel's understanding there was evidence it was not Mr. Grant's box and in fact federal probation did not use it as a basis for a revocation or to further search Mr. Grant's home) ("**based on evidence seen at Grant's apartment by USPOs on December 9, 2019, he is currently in possession of firearms and/or ammunition.**").  This is a false statement.  *Even if* there was an empty pistol box in Mr. Grant's residence, that is not evidence that he was currently in possession of firearms and/or ammunition. [3]  Exhibit C.  Application for Search Warrant, 9999 E. Yale

---

[3] Mr. Grant respectfully reserves his right to raise a challenge to this warrant under *Franks v. Delaware*. At this time, without reviewing the probation officer file, counsel does not allege Agent Pound knowingly and intentionally or with reckless disregard for the truth included a false statement in the search warrant affidavit. A Motion for Order to Disclose the Supervised Release File is simultaneously being filed with this Motion.  After review of the file, there may be cause to supplement this Motion.

Ave., Building A, Apt 101, Denver, CO 80231, incorporating by reference

attached Affidavit, Exhibit A.

The warrant to search Mr. Grant's residence fails because it is not supported by probable cause.  The basis Agent Pound put forward is not evidence of trafficking in firearms (the shooting range), was illegally obtained from Facebook in the separate overbroad, general search (August 4th message re: tools) and was false (the USPO saw evidence that Mr. Grant was in possession or firearms or ammunition on December 9). Mr. Grant seeks to suppress evidence obtained during the search of his residence as violative of his Fourth Amendment right.

A warrant must "ensure [ ] that the search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Voss v. Bergsgaard,* 774 F.2d 402, 405 (10th Cir. 1985).  Warrants have been invalidated for being impermissibly overbroad in a tax fraud investigation where the warrant sought "all business records."  *Id.* With the Fourth Amendment, the Founding Fathers sought to put an end to the concept of a general warrant – like what we see in this case, three times.

Mr. Grant requests a hearing on these issues, has conferred with Assistant United States Attorney Celeste Rangel and she objects to the relief requested herein.

WHEREFORE, Mr. Grant moves to suppress the illegally obtained evidence that was obtained through the cell phone, Facebook and residence warrants and alternatively requests a hearing on the issues.

Dated: July 20, 2020.

8

Respectfully submitted,


*s/ Kathryn J. Stimson*
Kathryn J. Stimson
STIMSON STANCIL LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:   stimson@sslhlaw.com

*Counsel for Richard Grant*

**Certificate of Service**

I certify that on July 20, 2020, I electronically filed the foregoing *Mr. Grant's Motion to Suppress Evidence and Request for Hearing* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:


Celeste Rangel
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
celeste.rangel@usdj.gov


Jesse Glassman, Esq.
Glassman and Faye, P.C.
1600 Stout Street, Ste. 1400
Denver, CO 80202
jesse@glassmanfaye.com

*Counsel for Novon Greenwood*



*s/ Brenda Rodriguez*
Brenda Rodriguez