**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 20-cr-058-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    RICHARD GRANT,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ORDER TO STIPULATE TO PRIOR CONVICTION AND DENYING AS MOOT DEFENDANT'S MOTION FOR MORE SPECIFIC NOTICE OF ALLEGED 404(B) EVIDENCE**

---

The Government charges Richard Grant with two counts of possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (ECF No. 56.)

Before the Court is the Joint Motion for Order to Stipulate to Prior Conviction and Preclude Other Evidence of Defendants' Prior Convictions ("Motion to Stipulate"), filed on July 20, 2020.[1] (ECF No. 36.) Also before the Court is Defendant's Motion for More Specific Notice of Alleged 404(b) Evidence ("Motion for Rule 404(b) Evidence"), filed on July 20, 2020. (ECF No. 37.)

For the reasons explained below, the Motion to Stipulate is granted part and denied in part and the Motion for Rule 404(b) Evidence is denied as moot.

---

[1] This motion was originally joined by Defendant Norwood Greenwood, who subsequently pled guilty on October 13, 2020. (ECF No. 71.)

# I. MOTION TO STIPULATE

## A. Background

Grant seeks to stipulate that he had been convicted of a crime punishable by more than one year in prison prior to July 31, 2017 and to "preclude all evidence of [his] prior conviction[] other than this stipulation." (ECF No. 36 at 1–2.)

In response, the Government represents that "is willing to stipulate that [Grant was] a convicted felon." (ECF No. 50 at 1.) It argues, however, that "[i]t is insufficient to merely stipulate to the prior felony conviction — the defendant[] must also stipulate that [he] *knew* [he was] convicted of a felony prior to [his] possession of ammunition." (*Id.* at 1 (italics in original).) On this basis, the Government does not agree to not introduce evidence of Grant's prior conviction, including evidence that "Grant was on federal supervised release at the time of the offense and his probation officer notified ATF that there was a firearm box in his house." (*Id.* at 2.) The Government also stated that it does not agree to limit its cross-examination in the event that Grant testifies. (*Id.*)

In his reply, Grant clarifies the extent of his proposed stipulation:

> The government's position is that Mr. Grant must stipulate to both the fact that he had been convicted of a felony prior to the allegation date and that he knew he belonged to the relevant category of prohibited persons barred from possessing a firearm. Mr. Grant's position is that those are two separate elements. He is offering admission to the first and not the second.

(ECF No. 61 at 2.)

## B. Analysis

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court held that the district court abused its discretion when, in a felon-in-possession prosecution, it

rejected the defendant's offer to concede the fact of a prior felony conviction. *Id.* at 646.  The Supreme Court premised its decision on Federal Rule of Evidence 403, which authorizes the district court to exclude otherwise "relevant evidence . . . if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *Id.* at 180.  The Supreme Court recognized, however, that the evidence excluded under Rule 403 as unfairly prejudicial nonetheless remains "relevant" and "admissible" under Federal Rule of Evidence 401.  *Id.* at 179.  It further recognized that

> The issue of substituting one statement for the other normally arises only when the record of conviction would not be admissible for any purpose beyond proving status, so that excluding it would not deprive the prosecution of evidence with multiple utility; if, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Fed. Rule Evid. 404(b)), Rule 404(b) guarantees the opportunity to seek its admission.

*Id.* at 190.

In 2019, the Supreme Court clarified that in a prosecution under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019); *see also United States v. Fisher*, 796 F. App'x 504, 510 (10th Cir. 2019) (recognizing that in *Rehaif*, the Supreme Court added a knowledge element to the elements that the government must prove to secure a 18 U.S.C. § 922(g)(1) conviction).

3

Here, Grant offers to stipulate to the fact that he was convicted of a felony prior to the events charged in the indictment but refuses to stipulate to his knowledge of the fact that belonged to the relevant category of prohibited persons barred from possessing a firearm and/or ammunition.  (ECF No. 61 at 2.)  Effectively, he seeks to use an *Old Chief* stipulation offensively to prohibit the Government from introducing evidence of Grant's knowledge and thus hinder the Government's ability to present its case.[2]  This is not what the Supreme Court contemplated when it found that the district court's refusal to accept a stipulation of a defendant's felon status was an error.

To the contrary, in *Old Chief*, the Supreme Court explicitly recognized that "if . . . there were a justification for receiving evidence of the nature of prior acts on some issue other than status (i.e., to prove "motive, opportunity, intent, preparation, plan, *knowledge*, identity, or absence of mistake or accident," [then] Rule 404(b) guarantees the opportunity to seek its admission."  519 U.S. at 190 (emphasis added); *see also United States v. Nasir*, — F.3d —, 2020 WL 7041357, at *19 (3d Cir. Dec. 1, 2020) (recognizing that "[w]e do not, however, read anything in *Rehaif*, or *Old Chief* itself, as suggesting that the government could not have introduced knowledge-of-status evidence at trial" since *Old Chief*'s restrictions on evidence concerning the defendant's previous felony applied "only when the record of conviction would not be admissible for any purpose beyond proving status").

The Court will accept a stipulation from Grant about his status as a felon.

---

[2]  Grant cites no case law suggesting that the *Old Chief* stipulation is sufficient to satisfy the knowledge element of a 18 U.S.C. § 922(g)(1) violation.  *Cf. United States v. Maez*, 960 F.3d 949, 967 (7th Cir. 2020) ("We also do not have to go quite so far as to hold that an *Old Chief* stipulation standing alone is sufficient to infer, beyond a reasonable doubt, a defendant's knowledge of his status as a felon at the time of the charged possession of the firearm.").

However, to the extent that Grant refuses to stipulate that he knew he belonged to the relevant category of persons barred from possessing a firearm and/or ammunition, the Court will not prohibit the Government from introducing evidence about Grant's prior felony to establish Grant's knowledge.[3]

Accordingly, as set forth herein, the Motion to Stipulate is granted in part and denied in part.

## II. MOTION FOR RULE 404(b) EVIDENCE

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) clarifies, however, that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Moreover,

> [o]n request by a defendant in a criminal case, the prosecutor must:
>
> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> (B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

*Id*.

Grant requests that the Court order the Government "to provide specific notice of

---

[3] At the present time, the Court will not prohibit the Government from introducing evidence regarding a firearm box found at Grant's residence by a probation officer. To the extent that Grant believes that the introduction of such evidence would violate Rules 404(b) and 403, he may file a motion *in limine* to preclude the introduction of this evidence at the appropriate time.

alleged Rule 404(b) evidence the [G]overnment seeks to admit at trial." (ECF No. 37 at 1.) In response, the Government contends that the parties have already agreed that the Government will provide written notice of its intent to admit Rule 404(b) evidence to Grant no later than 21 days prior to trial, absent good cause. (ECF No. 51 at 1; ECF No. 18 at § I.C.)

Because the Government has already agreed to provide specific notice of alleged Rule 404(b) evidence in a sufficient time prior to trial, the Court finds that there is no continuing discovery dispute with request to Rule 404(b) evidence. This motion is therefore denied as moot.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Order to Stipulate to Prior Conviction and Preclude Other Evidence of Defendants' Prior Convictions (ECF No. 36) is GRANTED IN PART and DENIED IN PART as set forth herein; and

2. Defendant's Motion for More Specific Notice of Alleged 404(b) Evidence (ECF No. 37) is DENIED AS MOOT.

Dated this 17th day of December, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge