IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Criminal Action No. 1:20-cr-00058-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD GRANT,

    Defendant.

---

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO MODIFY CONDITIONS [#79]

---

On November 9, 2011, based on Mr. Grant's guilty plea, the Honorable David M. Ebel sentenced Mr. Grant to 84 months' imprisonment and five years' supervised release for an offense of brandishing a firearm during the commission of a federal crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and (2). *See* Criminal Action No. 1:11-cr-00127-DME ("Revocation Case"). Supervision commenced in the Revocation Case on June 16, 2017 and was set to expire on June 15, 2022.

In December 2019, federal agents executed a search warrant at Mr. Grant's apartment. [#79, ¶5.] After his wife told him federal agents had been to their home, according to Mr. Grant, "[b]ecause of his supervised release, Mr. Grant was fearful he would be taken into custody and he fled the state, taking his wife and small child

1

to live near his brother in Texas." [*Id.*] On December 23, 2019, Probation Officer Griffin filed a Petition for Warrant on Person Under Supervision [Revocation Case, #213], alleging in part, Mr. Grant's failure to notify Officer Griffin of his change in residence, and his absconding from supervision with his whereabouts unknown. [*Id.* at #213.] A probation warrant issued that day. [*Id.* at #215.]

Meanwhile, in February 2020, a grand jury indicted Mr. Grant in this matter on one count of possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1).[1] He was arrested in Lewisville, Texas, on or about February 22, 2020, on the warrant in the Revocation Case after law enforcement responded to a family violence dispatch involving Mr. Grant and his girlfriend.[2] Mr. Grant appeared before the undersigned for his initial appearance in both the Revocation Case and this matter on March 10, 2020. He did not contest detention in either matter and the Court issued respective Orders of Detention. [#19; Revocation Case, #223.]

On May 29, 2020, Probation Officer Griffin filed a Superseding Petition alleging Mr. Grant's violation of six different terms of his supervised release in the Revocation Case. [Revocation Case, #226.] In relevant part, the Superseding Petition alleged Mr. Grant "failed to communicate with this officer since [December 18, 2019] and his whereabouts were unknown, until he was arrested on the supervised release violations warrant and new charges in Lewisville, Texas, on or about February 22,

---

[1] A Superseding Indictment was returned in September 2020 adding a second count of possession of ammunition by a prohibited person.
[2] No actions were taken against Mr. Grant based on the underlying family violence call; his arrest was not associated with that specific dispatch.

2

2020." [*Id*.] Judgment entered against Mr. Grant in the Revocation Case on October 26, 2020, after he admitted guilt to the following four violations: (1) failure to notify officer of change in residence; (2) failure to follow instructions of the probation officer; (3) leaving the district without permission; and, (4) failure to notify probation officer of change in employment. [*Id.* at #248.] Judge Ebel imposed a sentence of 10 months imprisonment with full credit for time spent in presentence confinement, and after Mr. Grant's release from imprisonment, a three-year term of supervised release to include residing in a halfway house for six months.

Mr. Grant's term of imprisonment in the Revocation Case ends on December 23, 2020. On December 16, 2020, Mr. Grant filed a Motion to Modify Conditions [#79], which was referred to the magistrate judge.[3] The Motion seeks Mr. Grant's release on conditions he reside in a halfway house and comply with all conditions of his supervised release in the Revocation Case. [#79.] The Government opposes the Motion and filed its written response. [#85.] The Court held a hearing on the Motion on December 22, 2020; it received arguments and proffers on the subject of reopening the detention hearing under § 3142(f), and on the subject of detention. [#86.] Having considered the parties' respective arguments and proffers from the hearing and their written submissions, matters from the dockets in the Revocation Case and this case,

---

[3] At the hearing on this Motion, Mr. Grant's counsel clarified the Motion is brought under 18 U.S.C. § 3142(f) seeking to reopen the detention hearing based on changed circumstances.

and the March 18, 2020 Pretrial Services Report,[4] the Court partially grants and partially denies the Motion.

## Analysis

**1.     Reopening the Detention Hearing under 18 U.S.C. § 3142(f)**

Defendant argues changed circumstances warrant reopening the detention hearing; namely, (1) his having satisfied his 10 months of imprisonment in the Revocation Case; (2) the existence of the conditions of his supervised release imposed in that matter; and (3) the existence of COVID-19 in the Federal Detention Center-Englewood, where he remains in pretrial detention.

Under § 3142(f), a detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). The purpose of this provision is to allow parties to present new information that increases the likelihood a defendant will appear in court or decrease the potential danger a defendant poses to an individual or the community. *See United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *2 (N.D.

---

[4] Mr. Grant did not contest detention at his initial appearance and an order of detention issued on that basis. The Pretrial Services Report was not available at the time of his initial appearance but was completed after. The Court afforded defense counsel an opportunity to review the report and file objections to it before the Court ruled on the Motion. [*See* #86, #87.] The Court has reviewed those objections and clarifications filed by Mr. Grant, including his exhibit attachments. [#87.] The Court takes judicial notice of the Pretrial Services Report and notes the report recommends detention. At the hearing on the Motion, Probation Officer Anderson stated the recommendation has not changed.

Tex. Mar. 26, 2020) (quoting *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015)). Courts strictly interpret this provision. *United States v. Young*, No. 2:13-cr-00149-KJD-CWH, 2014 WL 11380770, at *2 (D. Nev. Feb. 25, 2014). This is because "[t]here are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held." *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). To be sure, "[a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Id.*

Ultimately, the test is whether the information itself was unknown at the time of the detention hearing. *See Young*, 2014 WL 11380770, at *3 (denying motion to reopen detention hearing in part because defendant's mother's willingness to serve as third party custodian "could have been presented at the time of the detention hearing and cannot be considered new information at this time."); *United States v. Bowens*, No. CR-07-544-2-PHX-ROS (ECV), 2007 WL 2220501, at *3 (D. Ariz. July 31, 2007) (the existence of a third-party custodian does not constitute a material change sufficient to justify re-examination of defendant's detention); *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (defendant's proffered testimony from his mother, sister and a friend was not "new information" within the meaning of § 3142(f)); *United States v. Cervantes*, No. 06-CR-00431-MSK, 2007 WL 685699, at *2 (D. Colo. January 3, 2007) (information about defendant's ties to the community,

age, and background were not new information unknown to defendant at the time of the original detention hearing); *United States v. Ward*, 235 F. Supp.2d 1183, 1185 (N.D. Okla. 2002) (denying motion to reopen detention hearing and observing "the proffered information about [d]efendant's background, ties to the community and employment history were all known" at the time of the detention hearing).

The Court finds Mr. Grant's satisfaction of his term of imprisonment and commencement of the terms of his supervised release in the Revocation Case satisfy § 3142(f)(2)(B) and warrant reopening his detention hearing. This was new information not available to him at the time he was ordered detained on March 10, 2020. And the Court finds this information has a material bearing on the issue of whether there are conditions of release that will reasonably assure Mr. Grant's appearance as required and the safety of any other person and the community. The Court will reopen the detention hearing on that basis.[5]

---

[5] The Court does not find the presence of COVID-19 in the FDC satisfies § 3142(f). At the hearing, Mr. Grant confirmed he fortunately does not have the virus himself, though the Court is sympathetic to his concern over being at a higher risk of exposure to the virus there. In any event, the Court is not convinced "the COVID-19 pandemic is a 'material change of circumstances' warranting a renewed evaluation of [a] prior detention order." *United States v. Banks*, 4:19CR3116, 2020 WL 1450549, at *1 (D. Neb. Mar. 25, 2020) (denying defendant's motion for release). Even assuming the virus is a "material change in circumstances," the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the § 3142(g) factors. *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) ("as concerning as the COVID-19 pandemic is," a court must nonetheless conduct "an individualized assessment of the factors identified by the Bail Reform Act").

**2.     Order on Detention**

At the hearing, the Court received the parties' proffers on the subject of detention based on the Government's request Mr. Grant be detained. In considering the Government's request, the Court is guided by several general principles. First, Mr. Grant at all times is entitled to the presumption of innocence. Nothing that took place in the hearing or that is set forth in the Court's findings is intended, or should be construed, to affect that presumption. Second, under the Bail Reform Act, pretrial detention is understood to be an exceptional step. Under the Act, a defendant must be released prior to trial unless a judicial officer finds that no conditions or combination of conditions exist which will reasonably assure the appearance of the defendant as required, or reasonably assure the safety of any other person or the community. Third, the Act requires the least restrictive conditions be imposed that are necessary to provide those reasonable assurances. If the Court cannot find conditions to provide those reasonable assurances, then the Act requires an order of detention.

The Court also must consider the four specific factors in the Act, which include: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the Defendant;[6] and, (4).

---

[6] This includes things like the defendant's physical and mental condition, family ties, employment, length of residence in the community, community ties, past conduct, criminal record, history of drug or alcohol abuse, record of appearance at prior court proceedings, and whether the defendant was on conditional release of some sort at the time of the new alleged offense.

(4) the nature and seriousness of the danger to others or the community. 18 U.S.C. § 3142(g). The Court has considered the evidence on these factors, including the parties' written submissions, the Pretrial Services Report, and the dockets in both this case and the Revocation Case. The Court finds the Government has met its burden of showing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mr. Grant's appearance as required, and has met its burden of showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

In particular, try as it might, the Court is hard-pressed to overlook the fact that in December 2019, while Mr. Grant was serving a prior term of supervised release in the Revocation Case, in his own words: "*[b]ecause of his supervised release, Mr. Grant was fearful he would be taken into custody and he fled the state, taking his wife and small child to live near his brother in Texas.*" [#79 (emphasis added).] His whereabouts remained unknown to his supervising probation officer until his February 2020 arrest in Texas. And his criminal history reflects other prior failures to appear. Further, Mr. Grant was indicted in this case on two counts each alleging a violation of 18 U.S.C. § 922(g)(1), subjecting him to a lengthy period of incarceration, which is a factor bearing on an incentive to flee. And while Mr. Grant has family ties in this district, his wife and child now live and intend to stay in Texas where he previously fled based on his supervised release.

Regarding danger, while he disputes the reports of Texas law enforcement concerning allegations of possible family violence during their contact with him in February 2020, those reports (even though disputed) offer some credible evidence of danger. Mr. Grant also has a prior conviction for disorderly conduct – fighting, and a felony conviction in the Revocation Case for brandishing a firearm during the commission of a federal crime of violence and aiding and abetting. While the Superseding Indictment alleges counts solely involving possession of ammunition, the nature and circumstances of the alleged offenses start with evidence suggesting Mr. Grant shooting a firearm at a shooting range. This evidence, coupled with what is reflected in his criminal history, evidences a history of weapons use and access to weapons.

The Court further notes the weight of the evidence against Mr. Grant appears to be strong, he has prior violations of supervised release, and the alleged instant offenses occurred at a time when he was on supervised release.

\*   \*   \*

For these reasons, the Motion to Modify Conditions [#79] is GRANTED to the extent it seeks to reopen the detention hearing and DENIED to the extent it seeks modification of the Court's prior Order of Detention. The Parties are ADVISED of their right to file objections to this Order within 14 days pursuant to Fed. R. Crim. P. 59(a).

DATED:  December 23, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge